**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09CV0029 |
| Plaintiff, | : | |
| v. | : | |
| ACCOUNT CONTENTS OF KEY BANK ACCT. #****6355 IN THE NAME OF GREENE COUNTY PROSECUTOR'S OFFICE, BAKARI ENTERPRISE, IN THE AMOUNT OF $375,059.90 | : : : | JURY DEMAND |
| Defendant. | : | |

**VERIFIED COMPLAINT FOR FORFEITURE**

Now comes the Plaintiff, United States of America, by and through its undersigned attorney, Pamela M. Stanek, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil action <u>in</u> <u>rem</u> brought to enforce the provisions of Title 18 U.S.C. §981(a)(1)(A) and (C) and 21 U.S.C. §881(a)(6).

2. Plaintiff is the United States of America.

3. Title 21 U.S.C. §881(a)(6) provides for the forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation subchapter 21, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of subchapter 21.

4. Title 18 U.S.C. §981(a)(1)(A) provides for the forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §1956 or §1957, or any property traceable to such property.

5. Title 18 U.S.C. §981(a)(1)(C) provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" (as defined in 18 U.S.C. §1956(C)(7)), or a conspiracy to commit such an offense.

6. Title 18 U.S.C. §1956(c)(7) defines specified unlawful activity as a violation of a multitude of federal offenses, including violations of 18 U.S.C. §1956 (money laundering); 18 U.S.C. §1957 (engaging in monetary transactions in property derived from specified unlawful activity); and any offense involving the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act) punishable under any law of the United States.

7. This Court has jurisdiction over this case by virtue of 28 U.S.C. §§1345 and 1355.

8. Venue is proper in this district pursuant to 28 U.S.C. §§1355 and 1395.

9. The Defendant was seized on land by the Federal Bureau of Investigation on November 25, 2008 and is in Federal custody within the Southern District of Ohio.

10. The Defendant represents "money, negotiable instruments, securities or other things of value" within the meaning of 21 U.S.C. §881(a)(6) which were furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter 13; represents proceeds traceable to such an exchange; and/or was used or intended to be used to facilitate such an exchange and therefore is forfeitable pursuant to 21 U.S.C. §881(a)(6).

11. The Defendant is property, real or personal, which was involved in a transaction or attempted transaction in violation of 18 U.S.C. §1956 or §1957, or is property traceable to such property, and is therefore subject to forfeiture pursuant to 18 U.S.C. §981(a)(1)(A).

12. The Defendant is property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined by 18 U.S.C. § 1956(c)(7)), which specified unlawful activity includes a violation of 18 U.S.C. §1956 (laundering of monetary instruments); a violation of 18 U.S.C. §1957 (engaging in monetary transactions in property derived from specified unlawful activity); and/or a violation involving the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States; or a conspiracy to commit such offense, and is therefore subject to forfeiture pursuant to 18 U.S.C. §981(a)(1)(C).

13. The attached Affidavit and Verification of Complaint which is, by this reference, made a part of this Complaint, sets forth additional facts to support the United States' allegation that the Defendant is forfeitable pursuant to 18 U.S.C. §981(a)(1)(A) and (C) and/or 21 U.S.C. §881(a)(6).

WHEREFORE, the Plaintiff, United States of America, respectfully prays:

(a) That the Court find there is probable cause to believe that the Defendant is subject to forfeiture under 18 U.S.C. §981(a)(1)(A) and (C) and/or 21 U.S.C. §881(a)(6) and issue a Warrant of Arrest in Rem directing the United States Marshal to arrest the Defendant and to retain the Defendant in its custody subject to further order of this Court;

(b) That the forfeiture of the Defendant to the United States of America be confirmed, enforced and ordered by this Honorable Court, and that the United States Marshal be thereafter ordered to dispose of said Defendant as provided by law; and,

(c) That the Court award Plaintiff all other and further relief to which it is entitled.

JURY DEMAND

The United States hereby demands a trial by jury.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Pamela M. Stanek
PAMELA M. STANEK (0030155)
Assistant United States Attorney
Attorney for Plaintiff
602 Federal Building
200 West Second Street
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
pamela.stanek@usdoj.gov