IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.: 3:09CV0029 |
| Plaintiff, | : | Judge: Walter Herbert Rice |
| v. | : | |
| ACCOUNT CONTENTS OF KEY BANK ACCT #****6355 IN THE NAME OF GREENE COUNTY PROSECUTOR'S OFFICE, BAKARI ENTERPRISE, | : | |
| Defendant. | : | |

## AGREED ORDER AND DECREE OF FORFEITURE

It is hereby stipulated and AGREED by and between Plaintiff, United States of America, and Claimants SISAY ASEFA, GESIT ASEFA and ABREHAT AZANAW, and the Court hereby finds that:

1. In this civil forfeiture action, filed on January 23, 2009, the United States seeks the forfeiture of the Account Contents of Key Bank Acct #****6355 in the name of Greene County Prosecutor's Office, Bakari Enterprise, in the Amount of $375,059.90 (hereinafter referred to as the Defendant $375,059.90) which contents represent the currency seized from several safe deposit boxes and certain residences. (Doc. 1).

2. The United States alleged in the Complaint that the Defendant $375,059.90 is subject to forfeiture pursuant to 18 U.S.C. §981(a)(1)(A) and (C) and 21 U.S.C. §881(a)(6), and attached an Affidavit by Timothy A. Ferguson, Special Agent for the Federal Bureau of Investigation (FBI) setting forth the United States' basis to believe that the Defendant $375,059.90 is subject to forfeiture. (Doc. 1).

3. Direct Notice of the Claim Filing Deadline of March 17, 2009, as well as a copy of the civil complaint, was sent via certified mail to each of the known potential claimants on February 9, 2009. (Doc. 8).

4. Notice of the forfeiture action against the Defendant $375,059.90 was posted on an official government internet site (www.forfeiture.gov) beginning on January 28, 2009 in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 9).

5. On March 16, 2009, SISAY ASEFA filed a Claim to $335,000.00 of the Defendant $375,059.90. (Doc. 5).

6. On March 16, 2009, GESIT ASEFA and ABREHAT AZANAW filed a Claim to $28,900.00 of the Defendant $375,059.90. (Docs. 6 & 7).

7. No other claims have been filed.

8. Claimant, SISAY ASEFA, agrees to accept the return of $167,500.00 in full satisfaction of his claim to $335,000.00 of the Defendant $375,079.90.

9. Claimant, SISAY ASEFA, agrees that notwithstanding the United States' agreement to return $167,500.00 to him, the Federal Debt Collection Act of 1996, 31 U.S.C. §3716, and the Treasury Offset Program (TOP) require federal disbursing officials to offset federal payments to collect certain delinquent debts owed to the United States, and certain delinquent debts owed to states, including past-due child support enforced by states; thus the $167,500.00 shall be returned to the claimant, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is required to collect.

10. Claimant, GESIT ASEFA, agrees to accept the return of $7,225.00 in full satisfaction of his claim to $28,900.00 of the Defendant $375,079.90.

11. Claimant, GESIT ASEFA, agrees that notwithstanding the United States' agreement to return $7,225.00 to him, the Federal Debt Collection Act of 1996, 31 U.S.C. §3716, and the Treasury Offset Program (TOP) require federal disbursing officials to offset federal payments to collect certain delinquent debts owed to the United States, and certain delinquent debts owed to states, including past-due child support enforced by states; thus the $7,225.00 shall be returned to the claimant, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is required to collect.

12. Claimant, ABREHAT AZANAW, agrees to accept the return of $7,225.00 in full satisfaction of her claim to $28,900.00 of the Defendant $375,079.90.

13. Claimant, ABREHAT AZANAW, agrees that notwithstanding the United States' agreement to return $7,225.00 to her, the Federal Debt Collection Act of 1996, 31 U.S.C. §3716, and the Treasury Offset Program (TOP) require federal disbursing officials to offset federal payments to collect certain delinquent debts owed to the United States, and certain delinquent debts owed to states, including past-due child support enforced by states; thus the $7,225.00 shall be returned to the claimant, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is required to collect.

//

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Of the Defendant $375,059.90, the amount of $193,109.90 shall be forfeited to the United States pursuant to 18 U.S.C. §981(a)(1)(A) and (C) and 21 U.S.C. §881(a)(6).

2. Of the Defendant $375,059.90, the amount of $167,500.00 shall be returned to Claimant, SISAY ASEFA, through his attorney, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is required to collect.

3. Of the Defendant $375,059.90, the amount of $7,225.00 shall be returned to Claimant, GESIT ASEFA, through his attorney, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is required to collect.

4. Of the Defendant $375,059.90, the amount of $7,225.00 shall be returned to Claimant, ABREHAT AZANAW, through her attorney, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is required to collect.

5. All right, title and interest to $193,109.90 of the Defendant $375,059.90, including but not limited to any interest of SISAY ASEFA, GESIT ASEFA and/or ABREHAT AZANAW is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law.

6. Any and all claims which SISAY ASEFA, GESIT ASEFA and/or ABREHAT AZANAW, may have against the Plaintiff, its agencies, and/or employees as well as local law enforcement agencies and their employees, arising out of the facts giving rise to this forfeiture action are hereby RELEASED.

7. The parties shall bear their own costs, including any possible attorneys' fees, court costs, or other expenses of litigation.

8. The Court will retain jurisdiction to enforce the terms of this Agreement.

//

//

//

//

//

9. This case is terminated on the docket.

SO ORDERED:

*(signature)*
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

CARTER M. STEWART
United States Attorney

*s/ Pamela M. Stanek*
PAMELA M. STANEK (0030155)
Assistant United States Attorney

*s/ Stanlee E. Culbreath by fax authorization 3/30/12*
STANLEE E. CULBREATH
Attorney for Claimants, SISAY ASEFA,
GESIT ASEFA and ABREHAT AZANAW